**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.    **ED CV 26-274-JFW(RAOx)**                    Date:  January 30, 2026

Title:        Louis Avila -*v*- Brianna Nannie

PRESENT:
        **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                    None

**PROCEEDINGS (IN CHAMBERS):**          **ORDER TO SHOW CAUSE WHY THIS ACTION**
                                                            **SHOULD NOT BE DISMISSED FOR LACK OF**
                                                            **SUBJECT MATTER JURISDICTION**

On January 19, 2026, Plaintiff Louis Avila ("Plaintiff"), pro se, filed a Complaint against Defendant Brianna Nannie, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  While the caption of the Complaint names Brianna Nannie as the sole defendant, the allegations of the Complaint identify Bridge Management Inc. as the defendant.

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  With respect to a natural person, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.*  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id*.  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*  A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  *See, e.g., Bank of America, N.A. v. Remington Place Homeowner's Association*, 836 Fed. Appx. 580, 581 (9th Cir. 2021) ("Bank of America alleges that Remington Place Homeowners' Association 'is a Nevada non-profit corporation,' but a corporation is a citizen of both its state of incorporation 'and . . . the State where it has its principal place of business'") (*quoting Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010)).

In this case, Plaintiff alleges that "Bridge Management Inc. is a corporation organized under the laws of a state other than California with its principal place of business outside of California." However, Plaintiff fails to include any allegations as to the citizenship of Brianna Nannie, the sole

defendant named in the caption of the Complaint.  Without those allegations, the Court cannot determine whether it has subject matter jurisdiction over this action.  *See Tosco* Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").

Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **February 20, 2026**, why this action should not be dismissed for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.   If Plaintiff files an amended complaint which corrects the jurisdictional defects noted above on or before **February 20, 2026**, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Initials of Deputy Clerk  sr